J-A29035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: TRUST UNDER WILL F/B/O CHARLES T. CAMPBELL, II | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CHARLENE M. CAMPBELL AND THOMAS D. CAMPBELL | : : : : : : : | No. 33 WDA 2021 |

Appeal from the Order Entered January 6, 2021
In the Court of Common Pleas of Allegheny County Orphans' Court at
No(s):  No. 02-19-02074

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　**FILED: MARCH 3, 2022**

Charlene M. Campbell and Thomas D. Campbell (Children) appeal from the order of the Court of Common Pleas of Allegheny County (orphans' court) granting the petition for compensation filed by the guardian *ad litem* for their father, Charles T. Campbell, II (Father).  We affirm.

Father is the primary beneficiary of a testamentary trust that his deceased mother established under her will.  Children are remainder beneficiaries of that trust.  In March 2019, Children filed a petition for citation directed to the trustee of the trust, Joseph S. Scherle (Trustee).  Children sought an accounting of all expenses and legal fees paid by Trustee.  After Trustee's preliminary objections were sustained, Children filed an amended

---

[*] Retired Senior Judge assigned to the Superior Court.

petition joining, among others, Vuono & Gray, LLC, the law firm representing Father. In November 2019, Trustee filed an account and petition for distribution to which Children filed objections that, pending this appeal, are awaiting resolution.

A status conference was held resulting in the orphans' court issuing several orders on July 8, 2020, one of which was the appointment of a guardian *ad litem* (GAL) to represent Father's interests in the proceeding. In that order, the orphans' court stated it was appointing a GAL "out of an abundance of caution" and not because it believed Father was incapacitated. Father did not object to the appointment. Children filed an interlocutory appeal from the various orders, including the order appointing the GAL. On September 11, 2020, we quashed that appeal. *See Per Curiam* Order, 9/11/20, at 829 WDA 2020.

Later that year, on December 9, 2020, the GAL filed a petition for compensation requesting that he be paid $5,412.07 for services and costs related to his representation of Father. Children filed preliminary objections to the petition. Children asserted that the orphans' court lacked subject matter jurisdiction to grant the petition because it had never determined Father to be an incapacitated person under the Incapacitated Persons Statute, 20 Pa.C.S. §§ 5501-5555. They also asserted that they did not consent to the GAL's appointment and that the orphans' court judge's law clerk, who monitored the discussion with the attorneys regarding the appointment of the

- 2 -

GAL, had a conflict of interest with one of the attorneys in the case because both had prior leadership positions in the Allegheny County Bar Association. Children also demurred to the GAL's claims that he provided legal services for Father's benefit.

On January 6, 2021, the orphans' court granted the GAL's petition and directed Trustee to pay him the amount requested for services rendered and costs. In its opinion, the orphans' court explained how the appointment order was entered as a result of discussions with all counsel where his law clerk was present in which it was agreed that a GAL was going to be appointed. Moreover, while recognizing that an appeal can be taken from the ordering of payment of counsel fees, the orphans' court went on to express its belief that the Children, for unknown reasons, do not want to end this litigation against their Father. Children filed a timely notice of appeal from the orphans' court's order granting the petition for compensation.[1]

**I.**

On appeal, Children initially contend that the orphans' court was without subject matter jurisdiction to award the GAL's fees because its appointment of the GAL did not comply with Pennsylvania's Orphans' Court Rules and Incapacitated Persons Statute. Children are entitled to no relief.

---

[1] An orphans' court decision will not be reversed "unless there has been an abuse of discretion or a fundamental error in applying the correct principles of law." ***In re Estate of Krasinski***, 188 A.3d 461, 466 (Pa. Super. 2018).

First, whether they consented to the appointment of a GAL or not is irrelevant because they do not have standing to object to the appointment. The appointment of the GAL ensures that any action taken is in Father's best interest and not the result of any pressure. Children are not aggrieved by that appointment, especially when their interests are adverse to those of their Father. At the core of this case is Children's attempt to protect their remainder interests in the Trust, which necessarily implicates how the Father spends the Trust principle. How he wants to defend himself from that litigation is solely within his purview, not the Children's. He has consented to the GAL's appointment. Because they are not aggrieved by the appointment and their interests are adverse to those of their Father, Children are without standing to challenge the appointment of the GAL.

Second, even assuming Children have standing, and assuming their allegations that the proper procedures were not followed regarding the appointment of the GAL, this argument does not go to whether the orphans' court had subject matter jurisdiction to appoint a GAL, which it certainly does have, but whether it improperly did so by not following proper procedures.

Third, again assuming that Children have standing, the order appointing the GAL is not before this Court in this appeal because that order is interlocutory. As noted, Children tried to previously appeal that order but we quashed that appeal. *See Rehrer v. Youst*, 91 A.3d 183, 187 (Pa. Super. 2014). (GAL's appointment is not a final order or an interlocutory order

- 4 -

appealable by right or permission unless it meets the standards for a collateral order.)

Finally, in this appeal, the order being reviewed is the orphans' court's January 6, 2021 order directing the Trustee to pay the GAL for legal services and costs, not the underlying order appointing the GAL. All that is before us is whether the orphans' court properly exercised its discretion in finding that the amount sought was fair and reasonable.

## II.

We now turn to the orphans' court's approval of those fees. Pa.R.A.P. 342(a)(1) provides that an appeal may be taken as of right from "an order confirming an account, or authorizing or directing a distribution from an estate or trust." Payment of legal fees to a GAL out of a trust are such a disbursement. In reviewing whether the fees are proper,

> The facts and factors to be taken into consideration in determining the fee or compensation payable to an attorney include: the amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was "created" by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question. ...
>
> By now it is hornbook law that the reasonableness of the fee is a matter for the sound discretion of the lower Court and will be changed by an appellate Court only when there is a clear abuse of discretion.

*LaRocca Estate*, 246 A.2d 337, 339 (Pa. 1968) (citations omitted).

Here, the orphans' court explained how it determined the GAL's request

for compensation was reasonable:

> …The Petition requested the sum of $5,412.07 for fees and costs incurred, at the rate of $200/hour, for the period of July 10, 2020 through November 23, 2020. As this matter involved a myriad of pending issues, including two matters transferred from the Civil Division, the [GAL] had to expend time to familiarize himself with the outstanding matters, including meetings and conferences with [Father's] counsel, along with the appeal filed by [Children], which was ultimately quashed. After a thorough review of the invoices submitted by the [GAL], the Court determined that the fee request was appropriate and the Preliminary Objections filed by [Children] were meritless and an Order of Court was issued on January 6, 2021 granting the Petition and directing the Trustee to issue payment to the [GAL].

Orphans' Court Opinion, 1/21/21, at unpaginated 2-3. While not fully

recounted above, given the tortured procedural history of this matter involving

numerous petitions, motions, answers, preliminary objections and an appeal,

we find no abuse of discretion in the orphans' court opinion granting the

petition for compensation.

In their preliminary objections, though, Children do not challenge the

time involved or the hourly rates that are allowed to be appealed by R.A.P.

342(a)(1) as approved by the orphans' court. Instead, in addition to claiming

that the orphans' court lacked subject matter jurisdiction which we have

previously addressed, Children assert that the GAL is not entitled to any

reimbursement of fees because he was appointed to "help the [Trustee's] law

firms avoid ever being ordered to refund what they've already allegedly stolen,

and to ensure [Trustee's] firm maintains the control it needs over Father's

affairs needed to continue to steal . . ." Children's Preliminary Objections, 12/29/20, at ¶ 119. Children base these claims on their belief that the GAL and the orphans' court law clerk are friends and were purportedly at the same law firm years in the past. Children claim that they are entitled to a hearing to "dispel these concerns." *Id*. To reiterate, they do not have the right to have their concerns dispelled because they do not have standing to challenge any actions of the GAL because they are not aggrieved by the GAL's appointment and their interests are adverse to those of their Father.

Again, assuming they have standing, Children raised this challenge under Orphans' Court Rule 3.9 (b)(4) ("Preliminary objections filed to any petition under the Rules of Chapter III are limited to the following grounds … legal insufficiency of a pleading (demurrer)"). In their cartesian style of pleading that "I say it, therefore it must be true," Children's preliminary objections were just another attempt to challenge the GAL appointment, which we have previously stated is not before us in this appeal, but only the reasonableness of the amount of the fee. Because the matters sought to be challenged by the preliminary objections do not raise factual issues that go to the amount of fees to be awarded, the orphans' court did not need to hold a hearing or allow discovery because the preliminary objections do not set forth any cognizable claims to the petition for compensation.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2022